UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-CV-14440-ROSENBERG

ROCIO SOLIS,

    Plaintiff,

v.

OKEECHOBEE SHOOTING
SPORTS, LLC,

    Defendant.

_____/

### ORDER DENYING THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND REFERRING CASE FOR A SETTLEMENT CONFERENCE

    This matter is before the Court on the Defendant's Motion for Partial Summary Judgment at docket entry 72. The Plaintiff filed a response at docket entry 81, but the Defendant did not elect to file a reply. For the reasons set forth below, the Motion is denied.

    The Defendant seeks partial summary judgment on the Plaintiff's Count I, a hostile work environment claim alleging discrimination on the basis of sex and national origin. The Motion focuses on the fourth element that the Plaintiff must prove for her claim, that "the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatory abusive working environment." *Miller v. Tillman*, 277 F.3d 1269, 1275 (11th Cir. 2002). As to this element, the Defendant contends that the Plaintiff lacks sufficient evidence for trial. DE 72 at 16.

The Plaintiff lacks sufficient evidence, the Defendant argues, because she only has evidence of a few, sporadic comments about her national origin[1] over the span of five years. To support this argument, the Defendant cites to a number of cases where sporadic comments, although inappropriate, were not "sufficiently severe or pervasive" to alter the terms and conditions of employment. By way of example, the Defendant cites to a case where a few dozen comments over eleven months were insufficient[2] and where "several incidents" over two years were insufficient.[3] In contrast to cases with sporadic comments, "all of the []hostile work environment claims decided by the Supreme Court have involved patterns or allegations of extensive, long lasting, unredressed, and uninhibited sexual threats or conduct that permeated the plaintiffs' work environment." *Indest v. Freeman Decorating, Inc.*, 164 F.3d 258, 263 (5th Cir. 1999).

The Court begins its analysis of the evidence by summarizing the content of the statements allegedly made to the Plaintiff. The Defendant summarizes the content of the statements as "your people [Mexicans] are here to take American jobs, Mexicans do a great job on the lawn, and Hepatitis B was because [Plaintiff's] people caused it because they did not get shots in their County." DE 72 at 13. For the Plaintiff's part, she contends that an employee of the Defendant:

> repeatedly made the same or similar inappropriate comments regularly in the workplace so that at least one sex-related comment or one national origin comment was **made at least once a week**.

DE 80 at 6 (emphasis added). The Plaintiff supported her contention with a proper evidentiary citation in her statement of additional facts at docket entry 80:

---

[1] Because any factual predicate is sufficient for the Plaintiff's Count I to survive the Defendant's Motion, the Court focuses its analysis on evidence of national origin discrimination.
[2] *Guthrie v. Waffle House, Inc.*, 460 F. App'x 803, 807 (11th Cir. 2012).
[3] *Shepherd v. Comptroller of Public Accounts of Texas*, 169 F.3d 871, 872-75 (5th Cir. 1999).

2

> Q. Okay. And the comments occurred at least once a week in the workplace; is that right?
>
> A. Yes.

DE 74-1 at 75 (Plaintiff's deposition). In the Plaintiff's own words, the reason inappropriate comments were made with such frequency was because:

> There was a lot of political going on in the news at the time when I started, so it was very political the whole time. And like politics, there's always immigration in the mix, so it was a constant conversation of how he disagreed with this, disagreed with that, so it was something that I would hear all the time.

*Id.*

In response to this evidence, the Defendant filed no reply. As a result, pursuant to Local Rule 56.1(c), the Plaintiff's assertion and corresponding evidence is deemed admitted by the Defendant. Thus, the Defendant has admitted that an employee made derogatory comments about the Plaintiff's national origin (and sometimes her sex) a minimum of once per week for the duration of the Plaintiff's employment—five years—which is approximately 260 comments. Based upon the content of the statements, the Court is persuaded by the Plaintiff's argument that 260 comments over five years is extensive and long lasting, such that it could substantially alter the terms and conditions of employment. Thus, the sporadic-comment case law relied upon by the Defendant does not apply—the Plaintiff has evidence that the discriminatory comments made to her were not sporadic—and the Defendant's Motion is denied.

The parties shall participate in a second settlement conference before the Honorable Magistrate Judge Shaniek M. Maynard on or before January 9, 2024. The parties shall immediately contact the Chambers of Judge Maynard to schedule the conference.

**DONE AND ORDERED** in Chambers, West Palm Beach, Florida, this 6th day of December, 2023.

_____
UNITED STATES DISTRICT JUDGE
ROBIN L. ROSENBERG